IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KARL ANDREW BROWN,

    Plaintiff,

vs.                               Case No. 4:13cv462-RH/CAS

FLORIDA DEPT. OF HEALTH,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This report and recommendation is entered recommending that the pro se Plaintiff's motion for summary judgment, doc. 12, be **DENIED** because it fails to comply with N.D. Fla. Loc. R. 56.1 and FED. R. CIV. P. 56.

Procedurally, Plaintiff initiated this case on August 19, 2013, by filing a Title VII complaint under 42 U.S.C. § 2000e, *et seq.*, doc. 1. Plaintiff was provided guidance in serving the Defendant, doc. 5, and a service Order was entered on August 26, 2013. Doc. 5. Plaintiff filed a document entitled "Certificate of Service," doc. 7, which was not sufficient to demonstrate service. Another Order was entered on October 16, 2013, advising Plaintiff of the deficiencies and providing him another opportunity to effect service of process. Doc. 8.

On November 1, 2013, Plaintiff filed another Certificate of Service. Doc. 10. That Certificate does not demonstrate that service was carried out because Plaintiff does not state that he served the <u>complaint</u> on the Defendant.[1] Thereafter, Plaintiff filed a "Proof of Service" affidavit, doc. 11, which leads the Court to question whether service was carried out because Plaintiff's November 1st Certificate stated that Plaintiff mailed the reissued summons on October 23, 2013. Doc. 10. The second document suggests that the summons and complaint were mailed on October 30, 2013. Doc. 11. Plaintiff was issued just one summons on or about October 16th when the second Order was entered. Docs. 8-9. If Plaintiff mailed a summons on October 23rd as he certifies, doc. 10 at 1, he could not have mailed a second one on October 30th as he declares under penalty of perjury, doc. 11 at 1, because another summons was not issued. Plaintiff has been directed to respond and provide clarification concerning this issue.

In the meantime, Plaintiff filed a motion for summary judgment, doc. 12, on January 13, 2014. Plaintiff's motion does not comply with N.D. Fla. Loc. R. 56.1 nor does it comply with FED. R. CIV. P. 56. Plaintiff does not indicate each claim on which summary judgment is sought, nor does he demonstrate his entitlement to summary judgment. *See* FED. R. CIV. P. 56(a). The motion is also insufficient because it is not even clear what claims are raised by Plaintiff in this lawsuit. Furthermore, Plaintiff did not submit a "separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." N.D. Fla. Loc. R. 56.1(A). "Failure to submit such a statement constitutes grounds for denial of the

---

[1] Judicial notice is taken that the State Surgeon General leads the Department of Health and that John H. Armstrong, M.D. was appointed as Surgeon General and Secretary of Health on April 27, 2012. *See* www.floridahealth.gov.

Case No. 4:13cv462-RH/CAS

motion." *Id.* Because the motion does not comply with the rules noted above, it is deficient on its face and should be denied.

To the degree Plaintiff's motion could be construed as a request for a default judgment pursuant to FED. R. CIV. P. 55, it should also be denied. Plaintiff states that "[f]ailure to answer or motion by Defendant, within specified deadline, provides a judgment in favor of Plaintiff." Doc. 12 at 1. However, Plaintiff's motion for default judgment should not be granted because it is not clear that Defendant has been properly served. If service has not been carried out as required, then Defendant has not "failed to plead or otherwise defend" and the motion is premature.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for summary judgment, doc. 12, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 7, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**