IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KARL ANDREW BROWN,

    Plaintiff,

vs.                                Case No. 4:13cv462-RH/CAS

FLORIDA DEPT. OF HEALTH,

    Defendant.

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on August 19, 2013, by filing a Title VII complaint under 42 U.S.C. § 2000e, *et seq.*, doc. 1. Plaintiff was provided guidance in serving the Defendant, doc. 5, and a service Order was entered on August 26, 2013. Doc. 5. On October 8, 2013, Plaintiff filed a document entitled "Certificate of Service," but which was not sufficient to demonstrate that proper service had been carried out. Thus, another Order was entered on October 16, 2013, advising Plaintiff that because the Defendant is a state agency, the Defendant must be served by "delivering a copy of the summons and of the complaint to" the chief executive officer. FED. R. CIV. P. 4(j)(2)(A). Doc. 8. The Clerk was directed to reissue summons and Plaintiff was required to demonstrate service of process was carried out no later than December 24, 2013, as required by Rule 4(m). *Id.*

On November 1, 2013, Plaintiff filed another Certificate of Service. Doc. 10. In that document, Plaintiff certifies that he mailed to the Florida State Surgeon General a copy of the reissued summons and (at least page one of) the prior court Order, doc. 8, on October 23, 2013. *Id.* That second Certificate did not demonstrate service either because Plaintiff did not state that he served the <u>complaint</u> on the Defendant.[1] Thereafter, Plaintiff filed a "Proof of Service" affidavit indicating "Certificate of Service sent via US Mail, with Summons, & Complaint." Doc. 11. Attached to that document is a certified mail receipt dated October 30, 2013, and a printout of the United States Postal Service's tracking information which indicates delivery on November 4, 2013. The photocopy of the envelope indicates the mail was sent to John H. Armstrong, State Surgeon General. *Id.* at 2.

Considering both of the above documents, the Court was concerned that service of process had not properly been made and another Order was entered on February 7, 2014. Doc. 14. The Order pointed out that Plaintiff's November 1st Certificate stated that he mailed the reissued summons on October 23, 2013. Doc. 10. But the second Certificate suggests that the summons and complaint were mailed on October 30, 2013. Doc. 11. Plaintiff was issued just one summons on or about October 16th when the second Order was entered. Docs. 8-9. If Plaintiff mailed a summons on October 23rd as he certifies, doc. 10 at 1, he could not have mailed a second one on October 30th as he declares under penalty of perjury, doc. 11 at 1. The Order required Plaintiff to respond no later than **February 24, 2014**, clarifying his efforts to serve the Defendant.

---

[1] Judicial notice is taken that the State Surgeon General leads the Department of Health and that John H. Armstrong, M.D. was appointed as Surgeon General and Secretary of Health on April 27, 2012. *See* www.floridahealth.gov.

Doc. 14.  Plaintiff was advised in bold print that if he failed to comply with the Order, a recommendation may be entered to dismiss this case.   As of this date, Plaintiff has not replied to that Order.

Accordingly, because it does not appear that Plaintiff has served the Defendant with a summons and the complaint, because the 120 time limit for serving the Defendant pursuant to FED. R. CIV. P. 4(m) expired on December 24, 2013, and because Plaintiff has failed to respond to a Court Order, this case should now be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to serve the Defendant with process and failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on March 11, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**