**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KARL ANDREW BROWN,**

    **Plaintiff,**

vs.                                                Case No. 4:13cv462-RH/CAS

**FLORIDA DEPT. OF HEALTH,**

    **Defendant.**

    _____/

**SECOND REPORT AND RECOMMENDATION**

    On September 15, 2014, the pro se Plaintiff filed a motion requesting an enlargement of time in which "to amend or join defendant(s) in the Original Complaint." Doc. 47. The Final Scheduling Order set a deadline of September 2, 2014, for Plaintiff to file a motion seeking to join additional parties or amend the complaint." Doc. 38 at 4. That deadline provided Plaintiff time to obtain discovery to support his claims, but also left Defendant with time for discovery related to any additional parties. Plaintiff's motion has been filed beyond the deadline and for that reason alone, could be denied. However, there are other more important reasons to deny Plaintiff's motion.

    As Plaintiff was informed in the Final Scheduling Order, it is generally not appropriate to sue individuals under Title VII for employment discrimination. Busby v.

City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (holding that "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly."). "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." Busby, 931 F.2d at 772. Plaintiff's motion, doc. 47, does not identify any other person to be added as a Defendant in this case, nor does Plaintiff explain the basis for adding another party. The motion is insufficient on its face.

Moreover, as Plaintiff was informed by Court Order entered on August 25, 2014, Local Rule 15.1[1] requires Plaintiff to submit the proposed amended complaint along with a motion to amend.  Doc. 42.  Plaintiff's motion does not comply with that Rule. Plaintiff's first request to amend the complaint (although Plaintiff did not also request leave to add another Defendant) was filed on August 21, 2014, prior to the deadline. Doc. 41.  It was denied on August 25, 2014, because he did not submit the proposed amended pleading and a complaint cannot be amended in piecemeal fashion.  Doc. 42. Plaintiff corrected the deficiency and submitted a second motion to amend along with a proposed amended complaint on September 11, 2014.  Doc. 43.  In light of Plaintiff's first effort, doc. 41, the motion was granted and the Clerk directed to file the amended complaint.  Doc. 46.  Four days later Plaintiff submitted the instant motion.  Doc. 47. This process cannot continue indefinitely.  Plaintiff's motion is insufficient, it does not

---

[1] The Rule provides: "When leave is sought to amend a pleading pursuant to a motion, the motion and the proposed amended pleading shall each be filed and docketed separately.  The proposed amended pleading shall not take effect unless and until the motion to amend is granted."  N.D. Fla. Loc. R. 15.1.

comply with Rule 15.1 or the Final Scheduling Order, and it comes too late in this litigation.  The discovery deadline will end on October 9, 2014, and considering that Plaintiff has not even provided notice of which persons he seeks to add as Defendants or the basis for doing so, this case should not be delayed.  Good cause has not been shown and the motion for an enlargement of time should be **Denied**.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave for enlargement of time to amend or join Defendants, doc. 47, be **DENIED** and this case **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 17, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**