IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KARL ANDREW BROWN,

    Plaintiff,

v.                              CASE NO.  4:13cv462-RH/CAS

FLORIDA DEPARTMENT OF HEALTH,

    Defendant.

_____/

**ORDER OF DISMISSAL**

    The State of Florida Department of Health entered a contract with Vitaver and Associates under which Vitaver was to provide information-technology services.  Vitaver entered a contract with the plaintiff Karl Andrew Brown under which Mr. Brown was to provide at least some of the services Vitaver was obligated to provide under its contract with the Department.  When the Department became dissatisfied with work done by Mr. Brown, Vitaver terminated Mr. Brown's contract.

    In this action Mr. Brown asserts claims against the Department under Florida common law and under Title VII of the Civil Rights Act of 1964.  The Department has moved to dismiss the common-law claims for failure to state a

claim on which relief can be granted. And the Department has moved for summary judgment.

The motions are before the court on the magistrate judge's report and recommendation, ECF No. 121, and Mr. Brown's objections, ECF Nos. 124 and 125.

The report and recommendation correctly concludes that Mr. Brown has failed to state a common-law claim on which relief can be granted. Mr. Brown says his claims are for "Torts-Negligence-Malfeasance" and "Perjury" during investigations. None of these theories survive analysis.

First, the facts alleged by Mr. Brown, even if true, would not support a negligence claim. Negligence claims ordinarily extend to personal injury, physical damage to property, and professional services. With exceptions not applicable here, a negligence claim cannot go forward based only on economic harm of the kind now at issue. This is sometimes explained as the "economic-loss rule."

And Florida law does not recognize a claim for "malfeasance" or "perjury" or for any undefined "tort." Florida law recognizes a claim for wrongful interference with a contractual relationship, but Mr. Brown has not alleged facts supporting such a claim, and such a claim does not lie against an entity with an interest in the contract allegedly interfered with. *See, e.g.*, *W.D. Sales & Brokerage LLC v. Barnhill's Buffet of Tenn., Inc.*, 362 F. App'x 142, 143 (11th

Cir. 2010) (stating that a cause of action for tortious interference with a contractual relationship does not exist "if the defendant has any beneficial or economic interest in, or control over, that relationship" (quoting *Palm Beach County Health Care Dist. v. Prof'l Med. Educ., Inc.*, 13 So. 3d 1090, 1094 (Fla 4th DCA 2009))); *JDI Holdings, LLC v. Jet Mgmt., Inc.*, 732 F. Supp. 2d 1205, 1228 (N.D. Fla. 2010) (stating that a necessary element of a tortious-interference claim is "the absence of any justification or privilege" (citing *Fla. Tele. Corp. v. Essig*, 468 So. 2d 543, 544 (Fla. 5th DCA 1985))).

The report and recommendation also correctly concludes that Mr. Brown was not the Department's employee within the meaning of Title VII. Further, Mr. Brown does not allege, and the record would not support a finding, that Mr. Brown was an employee, rather than an independent contractor, of Vitaver. One who is an independent contractor, not an employee, has no claim under Title VII. *See Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1242 (11th Cir. 1998) ("[O]nly those plaintiffs who are 'employees' may bring a Title VII suit."); *Cobb v. Sun Papers, Inc.*, 673 F.2d 337 (11th Cir. 1982) (affirming the district court's holding that the plaintiff was an independent contractor and thus was not protected by Title VII).

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The defendant's motions to dismiss and for summary-judgment, ECF No. 58 and 69, are granted.

3. The clerk must enter judgment stating, "This action was resolved on a motion to dismiss and a motion for summary judgment.  It is ordered that the plaintiff Karl Andrew Brown recover nothing.  The claims against the defendant Florida Department of Health are dismissed on the merits."

4. All other motions are denied has moot.

5. The clerk must close the file.

SO ORDERED on September 24, 2015.

                                  s/Robert L. Hinkle
                                  United States District Judge